IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

June 27, 2017 Session

## STATE OF TENNESSEE v. WILLIAM HAROLD SMITH, ALIAS

**Appeal from the Criminal Court for Knox County**
No. 106360   Steven Wayne Sword, Judge

_____

### No. E2016-02137-CCA-R3-CD

_____

William Harold Smith, alias ("the Defendant"), was convicted of failure to appear after a jury trial. The trial court sentenced him to serve three years with a thirty-five percent release eligibility in the Tennessee Department of Correction. On appeal, the Defendant argues that the evidence introduced at trial was insufficient to support his conviction. After a thorough review of the record and applicable law, we reverse the Defendant's conviction and dismiss the charge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Keith Lowe, Knoxville, Tennessee, for the appellant, William Harold Smith, alias.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Charme P. Allen, District Attorney General; and Philip Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural Background

The Defendant was arrested in Knox County on June 12, 2015, and charged with theft of property valued between $1,000 and $10,000, which is a Class D felony, driving on a revoked license, violation of safety belt law, failure to provide evidence of financial responsibility, and violation of the motor vehicle light law. After posting bond, based on handwritten notes on the warrant, the Defendant was initially scheduled to appear in

general sessions court on June 23, 2015, for a preliminary hearing. Although the reasons are not clear from the record, the preliminary hearing was rescheduled to July 29, 2015. On that date, the general sessions court issued an "Attachment Upon Forfeiture" for the Defendant, charging him with failure to appear and revoking his bond. On September 15, 2015, a grand jury issued a presentment, charging the Defendant with theft of property, the four traffic violations, and failure to appear. The State proceeded to trial on the theft of property and failure to appear charges and dismissed the remaining traffic related charges.

For purposes of conciseness, this opinion will limit the summary of trial testimony to that which is relevant to the Defendant's failure to appear charge.

At trial, James Greer, the victim of the theft, testified that in June of 2015 his Jeep Cherokee was stolen. Mr. Greer received notice that the vehicle had been recovered and had been impounded by the Knoxville Police Department. After showing proof of ownership and paying an impoundment fee, he was able to retrieve the vehicle. He was notified to appear in the Knox County General Sessions Court regarding the theft of the vehicle. Mr. Greer said that he appeared in court as requested, but he was unable to testify as to the date he appeared, and that, after waiting half of the day for the case involving the vehicle to be called, he was informed that the case would not be heard that day, and he left.

Stephanie Ogle, a deputy clerk employed by the Knox County Criminal Court Clerk, testified that she was the keeper of the records for the purposes of the Defendant's trial. She explained how "a criminal charge is initially lodged at the general sessions court level." She stated that after an officer fills out a complaint, it is presented to a magistrate who signs the warrant and sets the bond. She testified that according to the warrant issued on June 13, 2015, the Defendant was charged with theft of property valued between $1,000 and $10,000. Ms. Ogle stated that in the blanks under "Case Setting" on the warrant was a handwritten list of court dates. The first date listed was June 23, 2015, and the notation "F/PH" after the date showed that the case was set for preliminary hearing in a felony case. The second date was July 29, 2015, and the notations showed that the case was again set for preliminary hearing. Ms. Ogle explained that, in general sessions court, both a defendant and the State are required to attend preliminary hearings. Ms. Ogle testified that the notation "FORF" beneath the July 29 date indicated that a forfeiture of bond was ordered because the Defendant did not appear in court that day. Ms. Ogle testified that the details of the incident that led to the Defendant's arrest and potential witnesses who were to be summoned to give testimony, Officer Coy Tucker and Mr. Greer, were listed on the back of the warrant.

Ms. Ogle explained that the Defendant was released on a $5,000 bond prior to the June 23, 2015 general sessions court date and that defendants are obligated to appear at and keep track of each subsequent court date as a condition of his or her bond. A "Forfeiture of Bond and Conditional Judgment" signed by the general sessions judge on July 29, 2015, and entered as exhibit 5 to Ms. Ogle's testimony, provides:

> Bond in the above-styled action having been executed and filed therein, and the defendant, being called, failing to appear for hearing on the date set, it is therefore adjudged and declared to be hereby forfeited, and, a conditional judgment is rendered in favor of the State of Tennessee against the defendant and his sureties on the bond for the sum of $5,000.00 and the costs of the action.

Ms. Ogle testified that on July 29, 2015, an attachment was issued by the Criminal Court Clerk, commanding the sheriff to arrest the Defendant for "the offense of failure to appear." The "Attachment upon Forfeiture" for the Defendant was entered as exhibit 4 to Ms. Ogle's testimony.

On cross-examination, Ms. Ogle, when questioned about whether a judge could issue an attachment for reasons other than failure to appear, responded: "I have no experience on the sessions level. . . . I really am not comfortable answering that question." Thereafter the following exchange took place:

> [DEFENSE COUNSEL]: Okay. In your experience, are there ever miscommunications about that? Is there ever a dispute from one side and the other whether or not someone's presence has been waived?
>
> [MS. OGLE]: I haven't seen that happen very often, but, you know, I just—
>
> [DEFENSE COUNSEL]: And I just—
>
> [MS. OGLE]: I can see where it could happen, but I've--I don't see it happen that often, no.
>
> [DEFENSE COUNSEL]: And I guess maybe--maybe I'm asking you the wrong question, 'cause I think you said earlier you don't really have a lot of experience at the sessions court level, correct?
>
> [MS. OGLE]: I do not.

- 3 -

[DEFENSE COUNSEL]: Okay. So those are two different things. You did testify that the sessions court level has generally more cases going on every day, correct?

[MS. OGLE]: Yes.

[DEFENSE COUNSEL]: Okay. And that's--and you did testify earlier that that's not really where you've spent your time, correct?

[MS. OGLE]: I've spent no time in sessions.

[DEFENSE COUNSEL]: Okay. And so then you don't necessarily know how often a dispute like that might come up? Is that fair to say?

[MS. OGLE]: Not in the sessions level, no.

[DEFENSE COUNSEL]: Okay. And so for this particular defendant, you do not necessarily know that he was explicitly told to appear on July the 29th, do you?

[MS. OGLE]: I was not in court on any of his appearances, no.

On redirect examination, Ms. Ogle testified that, based on her experience in criminal court, if a defendant was excused by the court from appearing, a notation would be made in the defendant's file. She was unable to testify as to whether this practice also took place in general sessions court.

At the conclusion of trial, the jury found the Defendant guilty of failing to appear but acquitted the Defendant of theft of property valued between $1,000 and $10,000. The Defendant was sentenced to three years in the Department of Correction with a thirty-five percent release eligibility. The Defendant's timely appeal followed.

## II. Analysis

On appeal, the Defendant argues that the evidence introduced at trial was insufficient for a rational trier of fact to find him guilty of failure to appear beyond a reasonable doubt. More specifically, the Defendant argues that the State failed to establish beyond a reasonable doubt that the Defendant *knowingly* failed to appear for his July 29, 2015 court date. The State argues that the evidence presented at trial was sufficient for a rational trier of fact to find the Defendant guilty. We agree with the Defendant.

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

As relevant here, a defendant commits the offense of failure to appear when they "knowingly fail to appear as directed by a lawful authority if the person[] . . . [h]as been lawfully released from custody, with or without bail, on condition of subsequent appearance at an official proceeding or penal institution at a specified time or place . . . ." Tenn. Code Ann. § 39-16-609(a)(4) (2016). "[A] defendant 'knowingly' fails to appear in court within the meaning of section 39-16-609, when he or she fails to appear after having been informed of his or her duty to appear in court on the date at issue." *State v. Jimmy Sprague*, No. E2010-00288-CCA-R3-CD, 2011 WL 3329814, at *4 (Tenn. Crim. App. Aug. 3, 2011), *no perm. app. filed*. A person may defend against the charge of failure to appear by showing that "[t]he person had a reasonable excuse for failure to appear at the specified time and place." Tenn. Code Ann. § 39-16-609(b)(2). "If the occasion for which the defendant's appearance is required is a Class A misdemeanor or a felony, failure to appear is a Class E felony."[1] Tenn. Code Ann. § 39-16-609(e).

In *State v. Eddie Joe Whitaker*, No. E2014-01066-CCA-R3-CD, 2015 WL 1454544, at *1 (Tenn. Crim. App. Mar. 27, 2015), *no perm. app. filed*, this court reversed and dismissed the defendant's failure to appear conviction because the State did not provide sufficient evidence that the defendant knowingly failed to appear. The State

---

[1] At the time of the offense, theft of property valued between $1,000 and $10,000 was a Class D felony. *See* Tenn. Code Ann. § 39-14-105(a)(3) (2015).

elicited testimony from a general sessions court clerk who normally appeared in the trial judge's courtroom. *Id.* at *3. The general sessions court clerk testified that the defendant failed to appear for his court date because she prepared the warrant for his arrest, which stated that the defendant failed to appear for court. *Id.* However, this court ruled that the clerk's testimony that she prepared the warrant for the defendant's arrest was not sufficient to show that the defendant knew he should have been in court and thus knowingly failed to appear. *Id.* at *6. Although the State produced a form that showed the defendant had a preliminary hearing set for a specific date, the form lacked evidence that the defendant signed or acknowledged the form or otherwise had knowledge of his court date. *Id.*

In *State v. Timothy Aaron Baxter*, No. W2012-02555-CCA-R3-CD, 2014 WL 29102, at *3 (Tenn. Crim. App. Jan. 3, 2014), *perm. app. denied* (Tenn. May 29, 2014), this court affirmed the defendant's failure to appear conviction, ruling that the evidence presented at the defendant's trial was sufficient to establish that the defendant knowingly failed to appear. The State elicited testimony from the administrative assistant of the judge who heard the defendant's case, the judge's court reporter, and an assistant district attorney, all of whom were present in the courtroom on the day of the defendant's arraignment and were also present in the courtroom on the day the defendant failed to appear. *Id.* at *1. All three witnesses were able to testify that the judge instructed the defendant to appear in court for his next court date and that the defendant subsequently failed to appear for that court date. *Id.* The State also produced evidence of the transcripts for the defendant's arraignment, which showed that the judge instructed him to appear for a later court date, and the transcript of the date when the defendant did not appear, which showed that the defendant did in fact fail to appear. *Id.* at *1-2. This court held that the jury was presented with sufficient evidence to infer that the defendant knowingly failed to appear. *Id.* at *3.

In both *State v. Gregory Dunnorm*, No. E2006-00366-CCA-R3-CD, 2007 WL 152542, at *1 (Tenn. Crim. App. Jan. 22, 2007), *no perm. app. filed*, and *State v. Don Wayne Williams*, No. W2009-00024-CCA-R3-CD, 2009 WL 3103824, at *1 (Tenn. Crim. App. Sept. 28, 2009) *no perm. app. filed*, this court held that a trial judge's or a court official's testimony as to the procedures regularly used in court to inform a defendant of his court date was sufficient evidence for a rational trier of fact to find a defendant guilty beyond reasonable doubt. However, in both *Gregory Dunnorm* and *Don Wayne Williams*, the trial judge and the court officials who testified about the procedures used in court were familiar with the procedures because they worked in the court in question and engaged in the procedures themselves. *Gregory Dunnorm*, 2007 WL 152542, at *1; *Don Wayne Williams*, 2009 WL 3103824, at *1. While the *Gregory Dunnorm* and *Don Wayne Williams* witnesses were unable to recall if the defendants were explicitly told their court dates, the witnesses did testify that they remembered the

defendants appearing in court and that a proper procedure would have been followed to inform the defendants of their court dates. *Gregory Dunnorm*, 2007 WL 152542, at \*1; *Don Wayne Williams*, 2009 WL 3103824, at \*1.

In the case sub judice, Ms. Ogle was unable to testify at trial whether the Defendant had been explicitly told to appear in court on July 29, and the State did not produce any other witnesses who could testify that the Defendant was told to appear in court on July 29. Ms. Ogle testified regarding the Defendant's warrant, the forfeiture order, and the attachment based on her experience as a criminal court clerk; however, none of these documents show that the Defendant was informed of his duty to appear in court on July 29, 2015. Ms. Ogle was unable to testify as to the typical procedure for informing defendants of their court dates in general sessions court. Without such evidence, the "Case Setting" is insufficient to show that the Defendant knew about his July 29 court date. *See Eddie Joe Whitaker*, 2015 WL 1454544, at \*6. The evidence is not sufficient to show that the Defendant knowingly missed his court date, even in the light most favorable to the State.

Ms. Ogle also testified that a forfeiture order and an attachment were issued on July 29, 2015, alleging that the Defendant failed to appear in court on that day. The attachment upon forfeiture and the forfeiture order only charged the Defendant with the crime of failure to appear and ordered the Knox County Sheriff to arrest the Defendant. Neither the attachment nor the forfeiture order establishes that the Defendant *knowingly* missed his court date, and no rational trier of fact could have found the Defendant guilty beyond a reasonable doubt based on the information contained in the forfeiture order or the attachment.

### III. Conclusion

Because the evidence presented at trial was insufficient to show that the Defendant knowingly failed to appear for his July 29, 2015 court date, even in the light most favorable to the State, the judgment of the trial court is reversed, and the Defendant's conviction is dismissed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 7 -